Asa V. Johnston and Blanche Johnston v. Commissioner.
Johnston v. Commissioner
Docket No. 74362.
United States Tax Court
T.C. Memo 1960-239; 1960 Tax Ct. Memo LEXIS 51; 19 T.C.M. (CCH) 1347; T.C.M. (RIA) 60239; November 14, 1960
*51 Asa V. Johnston, pro se, Turin, Ia. Walter O. Johnston, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in the petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Sec. 293(a)
Sec. 6653(a)
I.R.C.
I.R.C.
Year
Deficiency
of 1939
of 1954
1953
$191.00
$9.55
1954
220.17
$11.01
1955
686.75
34.34 The issues are: (1) The amount of petitioners' personal and living expenses for the years 1953, 1954 and 1955 and (2) Whether any part of the deficiency in petitioners' income tax for the years 1953, 1954 and 1955 was due to negligence within the meaning of section 293(a) of the Internal Revenue Code of 1939 and section 6653(a) of the Internal Revenue Code of 1954. Findings of Fact Asa V. Johnston and Blanche Johnston, husband and wife, are residents of Turin, Iowa, and they filed joint Federal income tax returns for the years 1953, 1954 and 1955 with the district director of internal revenue at Des Moines, Iowa. During the years before us, Asa was engaged in farming on a rented farm *52 and he also sold and handled sand and dirt. Petitioners have four children, Howard, Helen, Louise and Harold. In 1953 Louise was about 20 years old and Harold was about 14 years old and petitioners supported both of them in that year, claiming two exemptions for them on their 1953 joint return. In that year Louise went to school part of the time and worked part of the time. In 1954 and 1955 the petitioners continued to support Harold, who was going to school, and claimed an exemption for him on their returns for those years. During the years 1953, 1954 and 1955 the petitioners gave financial assistance to their oldest son, Howard, who was studying to become a medical doctor. In each of the years 1953, 1954 and 1955 Asa went on fishing trips to Canada, with each trip lasting about 10 days. In their joint return for 1953 the petitioners reported an adjusted gross income of $1,583.78, and in 1954 and 1955 they reported losses of $1,943.50 and $1,733.41, respectively. Respondent computed petitioners' income for those years by using the net worth plus nondeductible expenditures method, as follows: 12/31/53
12/31/54
12/31/55
Increase in Net Worth
$ 616.89
$ 224.40
$2,615.28
Add: Personal expenses and living expenses
3,000.00
2,548.05
2,500.00
Adjusted gross income as revised
$3,616.89
$2,772.45
$5,115.28
Adjusted gross income (or loss) as reported
1,583.78
(1,943.50)
(1,733.41)
Increase in adjusted gross income
$2,033.11
$4,715.95
$6,848.69
*53 A part of the deficiency for each of the years 1953, 1954 and 1955 was due to negligence or intentional disregard of rules and regulations. Opinion Petitioners concede the accuracy of the amounts used by respondent in the net worth statement except for the estimates of personal and living expenses for each of the years involved. This is the only dispute. Asa appeared pro se at the trial and he introduced in evidence three lists of various personal and living expenses for each of the years 1953, 1954 and 1955 in the respective total amounts of $930.20, $1,096.78 and $1,202.22, for a total of $3,229.20. In their petition the petitioners had alleged a threeyear total of $2,796. At the trial Asa testified that his wife had prepared the three lists introduced in evidence by "working two weeks looking back through our books and records." Respondent based his estimate of the petitioners' 1954 personal and living expenses upon information supplied by Asa in answer to item by item inquiries by a revenue agent. Asa, at that time, stated that he had no expenses for entertainment, medical care or education for his children. The revenue agent testified that "I had an appointment with [Asa] *54 to go over the living expenses for those two years also [1953 and 1955] but he would not keep his appointment, so I based my costs of living for the year of 1953 and 1955 on what we arrived at for the year of 1954." Respondent states on brief that petitioners claimed one more exemption on their joint return in 1953 than in 1954 and that it was reasonable to increase petitioners' estimated living expenses by $500 for that year. We have examined the expense lists put in evidence by Asa and it is quite obvious, in view of all the facts which we have outlined above showing the circumstances of petitioners' standard of living in those years and their educational aid to some of their children, the amounts of $930.20, $1,096.78 and $1,202.22 for the years 1953, 1954 and 1955, respectively, are unrealistic. We are not convinced that they represent all the personal and living expenditures for the three years before us. The record shows that Asa had destroyed some of his records after preparing his income tax returns and, further, that a flood had destroyed some of his records. Petitioners have the burden to show that the amounts determined by respondent are incorrect. It is unnecessary *55 to go into the details of petitioners' standard of living. On the basis of this record we do not believe that petitioners have met their burden of proof for the years 1954 and 1955. In fact, we are persuaded from all the evidence that the amounts of $2,548.05 and $2,500 for 1954 and 1955 appear to be fair and reasonable. However, we think that the petitioners have shown that their personal and living expenses for 1953 were about the same as for the years 1954 and 1955. It is true that petitioners in 1953 (but not in 1954 and 1955) supported their daughter, Louise, then about 20 years old, but it appears from the record that "she was going to school part of the time and working part of the time." We are satisfied that petitioners' living expenses were not increased in 1953 because of Louise. We hold that petitioners' personal and living expenses for 1953, 1954 and 1955 were $2,500, $2,548.05 and $2,500, respectively. Respondent determined that petitioners are liable for additions to tax for 1953 under section 293(a), Internal Revenue Code of 1939, and for 1954 and 1955 under section 6653(a), Internal Revenue Code of 1954. In their petition the petitioners *56 merely allege that the total amount of these additions to tax ($54.90) was in dispute, and at the trial no mention is made of this issue. Petitioners' brief, in the form of a letter, does not discuss this issue. Even if we deem the issue as still before us, respondent must prevail, since petitioners have the burden of proving that no part of their deficiency for each of the years 1953, 1954 and 1955 was due to negligence. David Courtney, 28 T.C. 658. We hold that a part of the deficiency for each of the years 1953, 1954 and 1955 was due to negligence or intentional disregard of rules and regulations. Decision will be entered under Rule 50.